The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, Arkansas 722110
Dear Senator Gordon:
This is in response to your request for an opinion concerning the financial situation of the Shirley School District. You indicate that historically, the District has borrowed money from lending institutions for current year operational needs. Those loans, you note, have traditionally matured at the fiscal year end of June 30th. Funds recently have not been available at year end for the repayment of the obligations. Therefore, new loans were made during the early part of the next fiscal year to repay past year indebtedness. You note that a prospective lender has requested that the District get an Attorney General's opinion as to whether the District can legally obligate future revenues to the repayment of debts incurred in the current fiscal year.
The resolution of your question will to some degree require the analysis of facts. I can point out, however, the most relevant provision of Arkansas law on the question, and making assumptions based upon the facts you have presented, tell you that it appears the suggested action would violate Arkansas law.
Arkansas Code Annotated, section 6-20-402 (Supp. 1995) governs the limitations on the current indebtedness of school districts and the issuance of postdated warrants and installment contracts by such districts. It provides generally that the amount of obligations incurred by a school district for any school fiscal year shall not be in excess of the revenue receipts of the district for that year except as provided in § 6-20-402, §§ 6-20-801 et seq. or §§ 6-20-1201 et seq.[1] It also provides that certain postdated warrants and installment or lease purchase contracts may be entered into for certain enumerated purposes, including the purchase of school buses and equipment. The payment of "current year operational needs," as your question suggests, is not included. The most apposite subsection of § 6-20-402 to the question you have presented, however, is subsection (b)(6) which provides as follows:
 It shall be the duty of the school fiscal officer to indicate on each school district warrant or on the schedule of payments attached to a written installment contract or lease purchase agreement the school year's revenues against which the obligation was incurred and is to be paid, and it shall be unlawful for the school fiscal officer to issue a school district warrant or enter into an installment contract or lease purchase agreement, the installments for which are to be charged against the revenues of a school year, if the obligation thereof was incurred in a different school year, except as otherwise authorized herein.
The county treasurer (or the school district treasurer if the school district has its own treasurer) and his surety shall be jointly liable with the school fiscal officer and his surety for the payment of any warrants other than as authorized in § 6-20-402. See A.C.A. §6-20-402(b)(8) (Supp. 1995).
The application of the statute above to the situation you have presented may require a review of additional facts. The impact of the relevant language above is that a school district cannot enter into an obligation in one school year chargeable against the revenues of a different school year, other than as authorized in § 6-20-402. Thus, generally, a school district cannot incur an obligation (including a promissory note to a bank) in one school year if the obligation is to be paid or charged against revenues of a different school year (unless otherwise authorized by § 6-20-402). It appears in the facts you have outlined that the Shirley School District incurs obligations with various lending institutions in a particular fiscal year, and then proposes to pay those obligations through the issuance of new loans, which presumably will be paid from a different later year's revenues. If these facts are correct, and the obligations are not incurred for any of the purposes listed in §6-20-402(a), then it is my opinion that this action is in all likelihood contrary to law. See also Jenson v. Special School District No. 6,199 Ark. 886, 136 S.W.2d 169 (1940) (stating that this statutory provision repealed a school district's general power to borrow from the next year's revenue). Of course, all of the facts and circumstances surrounding the finances of the District would have to be analyzed in order to come to a definite conclusion. Such an analysis is not appropriate for an Attorney General's opinion, and should be undertaken by the District, with its regular counsel.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The subchapters govern the State Board of Education's Revolving Loan Program, and the issuance of school district bonds, respectively.